WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Wiltcher, a single woman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MetLife Bank NA, a Texas corporation, named as Met Life Bank NA dba MetLife Home Loans; Freddie Mac, a Virginia corporation; Quality Loan Service, a California corporation; McCarthy Holthus & Levine, an Arizona professional corporation; and Matthew A. Silverman, an individual,<br><br>　　　　　Defendants. | No. CV-13-00409-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants McCarthy, Holthus and Levine ("MHS") and Matthew A. Silverman. (Doc. 6.) Also pending is Plaintiff Sandra Wiltcher's Motion to Dismiss (Voluntary Dismissal). (Doc. 7.) Defendants MHS and Silverman object to Wiltcher's Voluntary Dismissal. (Doc. 8.) Defendants have filed neither an answer nor a summary judgment motion.

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss her action before the defendant serves an answer or moves for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). The dismissal is effective on filing and no court order is required. *Id.* Here, none of the Defendants have served an answer. Nor has any Defendant filed a motion for summary

judgment. MHS and Silverman assert, without citation, that Wiltcher "has no authority to voluntary [sic] dismiss Complaint after an appearance has been made." (Doc. 8 at 1.) They argue that Wiltcher's claims against them should be dismissed with prejudice. However, their Motion to Dismiss under Rule 12(b)(6), as neither an answer nor a motion for summary judgment, does not terminate Wiltcher's Rule 41(a)(1) right of dismissal by notice. *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (ordering district court to dismiss pursuant to notice of voluntary dismissal though a hearing on defendants' 12(b)(6) motion to dismiss). The Court notes that even if Defendants' Motion to Dismiss had been considered on the merits, it would not necessarily result in Wiltcher's claims being dismissed with prejudice. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint would not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

Defendants' Motion to Dismiss (Doc. 6) is therefore **DENIED AS MOOT** in light of Wiltcher's Notice of Voluntary Dismissal (Doc. 7). The Clerk of Court is directed to terminate the action.

Dated this 23rd day of July, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge